# IN THE COURT OF APPEALS OF IOWA

No. 14-0937
Filed May 20, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALBERTO SALAZAR RAMON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Cerro Gordo County, Annette
Boehlje, District Associate Judge.


        The defendant appeals from the judgment and sentence entered following
his conviction for second-degree criminal mischief.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg,
Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller and Jean C. Pettinger,
Assistant Attorneys General, Carlyle D. Dalen, County Attorney, William J.
Hoekstra, Assistant County Attorney, and Louis S. Sloven, Student Legal Intern,
for appellee.


        Considered by Tabor, P.J., Bower, J., and Sackett, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, S.J.**

Alberto Ramon appeals from the judgment and sentence entered following his conviction for second-degree criminal mischief, in violation of Iowa Code sections 716.1 and 716.4 (2013). He contends his counsel was ineffective in failing to object to what he alleges was an inadequate waiver of a jury trial.

## I. BACKGROUND FACTS AND PROCEEDINGS.

The State charged Ramon with second-degree criminal mischief in January 2014 based on damage he caused to a home owned by James Johnson. Ramon had been renting the home from his girlfriend, Johnson's neighbor, while Johnson was out of state. When Johnson returned to the residence, he found the front door screwed shut, the back door welded shut, graffiti on the walls, and other damage. Johnson spent $1695 to repair the home.

Ramon filed a written waiver of jury trial on March 20, 2014. The waiver states:

> 1. I am the Defendant in the above-captioned case.
> 2. I have been fully advised by my attorney that I have the right to be tried by a jury of twelve (12) persons, as guaranteed by the United States and Iowa Constitutions, as well as by Iowa Rule of Criminal Procedure 2.17.
> 3. I have been advised and understand that, if I desire to give up my right to a jury trial, it must be done in writing and filed with the Court within thirty (30) days after arraignment, or ten (10) days after completion of discovery, but in any event not later than ten (10) days before trial. Waiver may not otherwise be made at a later time unless the prosecuting attorney consents to the waiver.
> 4. By waiving a jury trial, I will no longer assist in the selection of my jury because there will no longer be one and there will no longer be the requirement that a conviction, if any, must be based on a unanimous verdict of twelve persons, because with this Waiver, my case will be decided and judged solely by the Court.

5. With all of the above in mind, I hereby knowingly and voluntarily waive my right to a jury trial in this case.

On March 25, 2014, the court conducted an in-person colloquy with Ramon concerning his decision to waive a jury. In response to the court's questions, Ramon stated he was forty-five years old, was able to read and understand the English language, and had earned his GED. The following exchange then occurred:

THE COURT: Okay, Mr. Ramon, your attorney has signed and you had signed a waiver of jury trial. I think you have a copy of that in front of you; is that correct?

THE DEFENDANT: Yes, I do.

THE COURT: What that is Mr. Ramon is you as a person accused of a crime have the right to have a jury of twelve members of the community determine your case. You can also waive that right and have the case submitted to a fact finder which would be a judge which in your case will be me.

THE DEFENDANT: Okay.

THE COURT: Because the intention is to proceed with that matter as soon as we're done with this waiver proceeding. The difference is, obviously, instead of twelve people making a decision, it will be one person making a decision; and so under both the Iowa Constitution and the United States Constitution, we can't do that without your agreement. Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: And do you understand that, again, instead of twelve people deciding whether you're guilty or not guilty of this charge, it will be just one?

THE DEFENDANT: Yes, I do.

THE COURT: And do you understand that by waiving your right to a jury trial, you will be giving up the right to select that jury, to present evidence there. Do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: And do you wish to voluntarily waive your right to a jury trial?

THE DEFENDANT: Yes, I do.

THE COURT: Mr. Ramon, is anyone forcing you to make that decision?

THE DEFENDANT: No.

THE COURT: And that's being made after you've talked with your attorney on the issues; is that correct?

THE DEFENDANT: Yes, it is.

The court accepted Ramon's waiver of jury trial, and a bench trial was held.

The district court found Ramon guilty as charged and sentenced him to a term of imprisonment of no more than five years. The court suspended the sentence and placed Ramon on probation for a period of three years. It also ordered Ramon to pay $1695 in restitution to Johnson.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL.

Ramon contends his trial counsel was ineffective in failing to object to what he characterizes as an inadequate waiver of jury trial. Specifically, he alleges the written waiver of jury trial failed to advise him the jury would be made up of members of the community or that he would not be rewarded by the State for waiving the jury. He also alleges the in-court colloquy failed to establish he understood or read the written waiver, that the jury verdict would have to be unanimous to be convicted, or that he understood he would be not rewarded by the State for waiving the jury.

We review ineffective-assistance-of-counsel claims de novo. *State v. Ross*, 845 N.W.2d 692, 697 (Iowa 2014). In order to succeed in proving counsel was ineffective, a defendant must show counsel's performance was deficient and a reasonable probability that the outcome of the proceeding would have differed but for counsel's errors. *Id.* at 697-98. While we typically preserve ineffective-assistance claims for postconviction-relief proceedings, we will address them on direct appeal where the record is adequate. *State v. Bearse*, 748 N.W.2d 211, 214 (Iowa 2008).

Iowa Rule of Criminal Procedure 2.17(1) is designed to protect the constitutional right to a jury trial. *State v. Feregrino*, 756 N.W.2d 700, 705 (Iowa 2008). It states that those cases required to be tried by jury "shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and on the record." Iowa R. Crim. P. 2.17(1). Failure to assure compliance with rule 2.17(1) constitutes a breach of duty by trial counsel. *Feregrino*, 756 N.W.2d at 705.

To ensure the waiver of jury trial is knowing and voluntary, our supreme has stated the court should inquire into whether the defendant understands

> (1) that twelve members of the community compose a jury; (2) that the defendant may take part in jury selection; (3) that jury verdicts must be unanimous; (4) that the court alone decides guilt or innocence if the defendant waives a jury trial; and (5) that neither the court nor the prosecution will reward the defendant for waiving a jury trial.

*Id.* However, this list is not "a specific checklist" and does not create "black letter rules" regarding subject areas of inquiry. *Id.* Rather, the five areas listed are "helpful tools" in determining whether a waiver was knowing and voluntary; substantial compliance is acceptable. *Id.*

The evidence establishes that Ramon's waiver was knowing and voluntary. Separately, the written waiver and the in-court colloquy substantially complied with rule 2.17(1). When taken together, they covered all but the last subject suggested by our supreme court. Substantial compliance was shown. *See State v. Miranda*, 672 N.W.2d 753, 764 (Iowa 2003) (finding substantial compliance although defense counsel "did not ensure the court met each of the five specific exhortations"). Because Ramon's waiver was knowing and

voluntary, counsel had no duty to object. Accordingly, Ramon's ineffective-assistance claim fails, and we affirm.

**AFFIRMED.**